FEDERAL CREDIT Co. *v.* ZEPERNICK GROCERY Co.*

(Division B.   Jan. 21, 1929.   Suggestion of Error Overruled Feb. 4, 1929.)

[120 So. 173.   No. 27733.]

*Corpus Juris-Cyc References: *Certiorari*, 11CJ, section 5, p. 89, n. 27; section 267, p. 176, n. 27.

*Welch & Cooper,* for the motion.

*Shannon & Schauber,* opposed.

GRIFFITH, J. Suit was filed in the county court by the appellant against appellee upon a conditional sales contract for the purchase of an automobile truck. There was a judgment for the plaintiff in the county court, and the defendant therein attempted to appeal to the circuit court, but the appeal bond was filed too late, and in consequence the appeal was dismissed. Thereafter, but within the six months allowed, the record and proceedings in the cause were removed to the circuit court under a writ of *certiorari,* and, as a part of the record so returned into the circuit court, there was included a copy of the official transcript of the evidence taken and heard

in the county court. There was a motion in the circuit court on the hearing in *certiorari* to strike from the return the transcript of the stenographer's notes of the evidence, but the motion was overruled; and the court thereupon, taking into consideration the entire record so removed, including the transcript of the evidence, reversed the judgment of the county court, and dismissed the suit, from which judgment of the circuit court an appeal is brought to this court. The motion to strike the transcript of the evidence has been renewed here, and we now deal solely with that motion.

It is said to be a rule of almost universal application that the writ of *certiorari* will not issue in those cases in which there is a plain, speedy, and adequate remedy by appeal, which statement is no more than an application of the elementary rule of procedure that an extraordinary remedy will not be allowed when an ordinary remedy is, or has been, fully available. *Certiorari* cannot be made to serve the office of an appeal, and the rule is not altered by the fact that a party entitled to an appeal has allowed the time for taking it to elapse without availing himself of that right.

"It is essential to the harmony and consistency of every judicial system that each wrong or injustice, whether resulting from acts of individuals or courts, shall have its specific, adequate, and distinct remedy. Therefore it may be stated as a general principle,—which, however, is not by any means uniformly adhered to,—that *certiorari* does not issue for the rectification of any judicial wrongs or usurpations which may be reached by other methods provided for by law. This rule is subject to the qualification that such other means of redress, in order to constitute a bar, should be adequate to meet the necessities of the case." 2 Spelling, Extraordinary Relief, pp. 1570, 1571.

It is also the general rule that, under a writ of *certiorari*, the evidence on which the inferior court based its

determination forms no part of the record, and should not be returned, unless required by statute or shall become essential by some extraordinary circumstances; as for instance, where the inferior tribunal acts beyond or in disregard of its lawful jurisdiction. 11 C. J., p. 176; 4 Ency. Pl. & Pr., p. 221; 4 Stand. Ency. Proc., p. 938. But the appellee contends in response to this general rule that our statutes, sections 90 and 91, Code 1906, expressly provide that, under a writ of *certiorari,* there shall be brought up and considered by the superior court "the record and proceedings," and that the record of the evidence, when transcribed and lawfully filed, is a part of the record of the case, and shows forth, certainly, a part of the proceedings. It is to be at once admitted that the terms, "the record and proceedings," when given a broad interpretation, may well, and in proper connection generally do, include the official transcript of the evidence; but, keeping in mind the general principles above set forth, and keeping in mind also the dominant consideration that in concrete instances there must be given to procedural statutes that construction, if possible, which will preserve the essentials of "harmony and consistency in our judicial system," we must here look to the terms of the county court act and to the policy and purposes of its enactment, and carefully consider that we do not give assent to a construction of an interrelated statute which would amount, in substance, to a judicial repeal of a vital provision of the county court act, both as to its letter and as to its purpose and general public policy.

It was the purpose of the legislature in creating the county court to furnish an efficient, economical, and expeditious tribunal for the settlement of litigation involving small amounts, and to give a speedier final determination to cases of misdemeanor and petty offenses. It was therefore required, among other provisions to that end, that appeals from the county court shall be

taken and bond given within ten days from the date of the entry of the final judgment on the minutes of the court and that such appeals should be considered solely upon the record as made in the county court. If, instead of taking the ordinary course, that is by way of appeal, the unsuccessful party may delay until the period of six months is about to expire, and by resort to the extraordinary means of *certiorari,* bring up the entire record to the circuit court, and there have the whole of it considered, then the provision requiring appeals to be taken within ten days would become practically a dead letter, and, if we should sanction such a practice, we would repeal by judicial construction that which not only is the plain letter of the law in the county court act, but that which is expressive of a vital part of its very purpose and policy. It is no answer to this to say that there would yet be left some shade of distinction as to what the superior court may do on the whole record sent up by *certiorari* as against that which may be done on appeal on the same record. Among the everyday small cases within the jurisdiction of the county court, it would be only in the exceptional that the distinction adverted to would be of any practicable use or importance; and, to approve the substantial destruction of a vital provision in the county court act by the means sought to be availed of in this case, would find but little justification in the fact that there would be left in the débris a thin, technical, and generally impracticable distinction, as the sole and only remnant.

We therefore hold that, under a writ of *certiorari* from the circuit court to the county court, the return shall not as a general rule include a transcript of the evidence. We do not say that extraordinary circumstances, instances of which are shown in the books, will not justify a cautious exception; but such is not the case here. The motion to strike the stenographer's transcript will be sustained.

*Motion sustained.*