FASSMAN *v*, TOWN OF CENTREVILLE.

(Division B. Feb. 27, 1939.)

[186 So. 641. No. 33592.]

W. F. Tucker, of Woodville, for appellant.

C. T. Gordon, of Liberty, for appellee.

**McGehee, J.,** delivered the opinion of the Court.

On the 14th day of March, 1938, this Court affirmed, per curiam, a judgment of the Circuit Court of Wilkinson County dismissing the appeal of the appellant and granting a writ of procedendo to the Mayor's Court of the Town of Centreville, Mississippi, and which judgment

of the circuit court ordered that the writ of procedendo be issued, "unless appellant shall perfect the record of the certificate from the mayor's court." The appellant had been convicted of selling beer to a minor and sentenced to pay a fine of $50 and to serve thirty days in jail, and which jail sentence had been suspended on good behavior.

After the cause had been affirmed on appeal and the mandate of this Court had been issued ordering that "such execution and further proceeding be had in said cause, as according to right and justice, and the judgment of the Supreme Court and the law of the land ought to be had," the appellant appeared at the next term of the Circuit Court, announced ready for trial, made a motion to reinstate the case, and for a writ of certiorari commanding the Mayor of the Town of Centreville to bring into the circuit court his mayor's docket and papers filed in the case, and to perfect the appeal from the said mayor's court. In support of the motion, he introduced the former judgment of the circuit court, the mandate of the Supreme Court, and also a process, referred to as a subpoena duces tecum, which he had caused to be issued by the circuit clerk in vacation, without an order of the circuit court therefor, and which process commanded the mayor to file with the clerk of the circuit court on or before the 1st day of the succeeding term a copy of the record of the proceedings had before the mayor and to transmit to the circuit clerk the original bond taken by him in the case, together with the judgment rendered and all of the original papers; and also to certify his transcript as required by Section 65 of the Code of 1930. This process was ignored by the mayor, and the motion for the writ of certiorari was denied by the circuit court on the ground that the writ was not applied for within the six months allowed by law.

It is the contention of the appellant that in view of the fact that on certiorari the circuit court could consider only such errors of law as appeared on the face of the

record in the mayor's court, he was entitled to have the circuit court require the mayor by proper process to perfect and certify the transcript on the appeal from the mayor's court to the circuit court; and that he had made diligent effort to get the record transmitted and properly certified to in order to get a trial of his case in the circuit court on the merits.

This appeal is from the last order of the circuit court overruling the motion to reinstate the cause and in declining to issue the writ of certiorari. No final and unconditional judgment appears to have been rendered dismissing the appeal and granting a writ of procedendo to the mayor's court, subsequent to the affirmance of the former judgment of the circuit court which provided for the dismissal of the appeal ''unless appellant shall perfect the record of the certificate from the mayor's court.'' The question therefore arises as to whether the case is still pending in the circuit court and undisposed of by any final judgment from which this appeal could be taken. However, the fact remains that the appellant has never been able to get a trial of the cause in the circuit court on its merits. Therefore we have concluded to reverse and remand the case for trial in order that the circuit court may issue the proper process to require the record from the mayor's court to be correctly transcribed and duly certified to. It was held in the case of Redus v. Gamble, 85 Miss. 165, 37 So. 1010, that it was the duty of a justice of the peace from whose court the case had been appealed to transmit to the clerk of the circuit court a certified copy of the record of the proceedings, with all of the original papers and proceedings in the case and the original appeal bond given by the appellant; and, that upon failure to discharge this legal duty it was competent for the circuit court to issue the necessary process to enforce its performance. Likewise, in the case of Robinson v. Mhoon, 68 Miss. 712, 9 So. 887, it was said that: ''The misconduct of officials should not be permitted to defeat litigants of clear rights ac-

corded them by law; and the circuit court, by virtue of its inherent powers as an appellate tribunal, in proper cases, should exercise its authority in restraining the inferior tribunal, and constraining it to yield obedience to lawful requirement." This being the rule in civil cases, the reason therefor should undoubtedly apply in criminal cases.

The cause will therefore be reversed and remanded in order that appellant's right to a trial de novo may be given him in accordance with these views.

Reversed and remanded.