CARUTHERS *v.* PANOLA COUNTY.

In Banc. Feb. 28, 1949.

(38 So. (2d) 902)

**McClure & Fant**, for appellant.

406

John W. Kyle, for appellee.

**Hall, J.**

Appellant filed in the circuit court a petition for a writ of certiorari to review the proceedings of the board of supervisors of Panola County, whereby there had been excluded from said county, pursuant to an election held therein, the transportation, storage, sale, distribution, receipt and manufacture of beer and wine. The writ was issued and upon a review of the proceedings the lower court dismissed the petition, quashed the writ, and affirmed the orders and proceedings of the board of supervisors, from which action this appeal is taken.

Section 10208 of the Mississippi Code of 1942 makes detailed provision for the holding of an election in any county of the state, upon a petition of 20% of the qualified voters of the county, to determine the question whether the transportation, sale, etc., of such beverages shall be permitted therein, and provides that no election on this question can be ordered more often than once in five years. It is contended by appellant's first assignment that it is essential to the jurisdiction of the board of supervisors to order such an election that it must affirmatively adjudicate the fact to be that no such election has been held within the past five years, and that, since there is no such adjudication in the proceedings in this case, the same are void.

In the case of Henry v. Board of Sup'rs of Newton County, Miss., 34 So. (2d) 232, and Miss., 35 So. (2d) 317, not yet reported in the State Reports, this Court decided this specific point contrary to the contention of appellant. Appellant contends, however, that this decision is unsound and should be overruled, and specifically points out that in the case of Martin v. Board of Supervisors of Winston County, 181 Miss. 363, 178 So. 315, upon which the decision in the Henry case rests in part, there was

not raised nor passed upon by the Court the question whether it is a necessary jurisdictional fact to be adjudicated by the board of supervisors that no election on beer and wine has been held within the past five years. While it is true that the specific point was not mentioned in the Martin case, nevertheless the Court did set out in detail the orders and proceedings of the board and did say, as pointed out in the Henry case [35 So. (2d) 317], ''We find no error in the orders of the board dealing with this election, in any part of the proceedings, which would render their action void.'' ██ ██ The Martin case was one of the early decisions on the subject of outlawing beer and wine by local option election, having been decided only about three years after enactment of the law authorizing such elections. It has stood as the law of this state for more than eleven years and has been relied upon and followed by the boards of supervisors in a great many counties of Mississippi where the transportation, sale, etc., of wine and beer has been outlawed, and upon whose action numerous persons have been convicted and punished in our criminal courts. We cannot say that either of these decisions is manifestly wrong or mischievous in operation, and therefore we are bound to adhere to them as being the established law of this state.

The second and last assignment is that the orders of the board of supervisors are void because they fail to show any lawful authority for holding the meetings at which the orders were adopted. These orders were adopted in November and December, 1947, and in February, 1948, at meetings of the board held in the second district of the county on the second Monday in each of these months. Except as to the difference in dates, the minutes of the organization of the board are identical and recite as follows:

"State of Mississippi ⎤
"Panola County ⎬ Board of Supervisors' Court
"Second Court District ⎦

Batesville, Mississippi
February 9, 1948
Regular February 1948
Meeting.

"Monday, February 9, 1948.

"Be It Remembered that, on this day and date, same being the second Monday and the 9th day of February, 1948, and being the time and place fixed by law for the holding of same, a regular meeting of the board of supervisors of Panola County, in the State of Mississippi, was begun and held at the courthouse in the Town of Batesville, in the Second Court District of Panola County, Mississippi, commencing at nine o'clock A. M., when and where there were present the following members of the board of supervisors and officers, to-wit . . .".

It is contended by appellant that the orders are void because of the failure of the minutes to adjudicate the existence of any special fact which would authorize the board to meet when and where it did since under the general law of this state boards of supervisors are required to hold their regular meetings on the first Monday in each month. This requirement, however, applies only to counties having one court district, Section 2875, Mississippi Code of 1942, and the next section provides that in counties having two court districts the board shall likewise hold regular meetings on the first Monday in each month, and, where only one meeting is held in each month, the January meeting shall be held in the first district, the February meeting in the second district, and that the meetings shall alternate thereafter, such meetings to be held on the first Monday of the month; this section further provides that in counties having two court districts the board of supervisors may hold two regular meetings in each month, meeting on the first Monday in the first district, and on the second Monday in the second district, and, if they elect to hold two regular meetings in each month, the board shall enter an order upon its minutes to that effect and shall give five days notice thereof, and after giving such notice the board shall hold regular meetings in each month in each district as provided in this section. Section 2876, Mississippi Code of 1942.

By Chapter XXV of the Laws of 1880, Pages 145-149, Panola County was divided into two court districts, and by section 12 of this Act it was provided that: "The said board of supervisors of said county shall alternately hold their sessions or meetings at Sardis and Batesville respectively, the seats of justice of the aforesaid first and second districts, holding their first meeting at Sardis, and their jurisdiction shall extend over the entire county as if it were not divided into separate districts."

It will be noted that by this act the supervisors were not required to hold alternate monthly meetings, but only to hold alternate meetings. If the board elected to hold two regular meetings each month pursuant to authority of the aforesaid Code Section 2876, these meetings were still to be held alternately. Therefore, there is no prohibition of two regular monthly meetings in the Act which created the county into two districts.

The appellant here does not contend that the board of supervisors of Panola County did not by proper order and notice elect to hold two regular monthly meetings, one on the first Monday at Sardis in the first district, and the other on the second Monday at Batesville in the second district. What appellant here contends is limited to the narrow point that the minutes of every regular meeting of the supervisors at Batesville in the second district should affirmatively adjudicate the fact to be that the board has theretofore elected to hold and has given notice of its intention to hold two regular meetings in each month, and that by failing to so adjudicate at each and every meeting its acts, as reflected by its minutes, are void. With that contention we do not agree.

 It is the settled law of this State that, in the absence of proof to the contrary, it will be presumed that public officers performed their duty in the manner required by law. This was held as early as 1848 in Wray v. Doe, 10 Smedes & M. 452, and as recently as 1947 in Slush v. Patterson, 201 Miss. 113, 28 So. 2d 738, 29 So. 2d 311.

It has been held that this presumption applies to minutes of meetings of boards of supervisors, and that the burden is upon the person challenging the legality thereof to show that the meeting was illegal. In the case of Tierney v. Brown, 65 Miss. 563, 5 So. 104, 105, 7 Am. St. Rep. 679, this court said: "It is true that the meeting of the board of supervisors in October, 1879, at which they accepted and approved the land-roll, was not at a time authorized by law for a regular meeting, but it is not shown that it was not a special meeting such as might have been legally called and held at that time, and meetings of boards of supervisors not affirmatively shown to have been illegal are presumed to have been legal. Corburn v. Crittenden, 62 Miss. 125; Brigins v. Chandler, 60 Miss. 862."

In the case of Board of Supervisors of De Soto County v. Jones, 103 Miss. 602, 60 So. 655, 656, it was said: "On the face of the present contract, we cannot assume that the board exceeded its authority; on the contrary, we assume that it was within its powers, in the absence of clear proof to the contrary."

In Scott County v. Dubois, 158 Miss. 245, 130 So. 106, 107, it was said: "'The rule is that facts to avoid a judgment will not be imported into it by way of inference unless the invalidating inference be obvious and reasonably inescapable. The rule is rather, in the matter of inferences, that those will be drawn, where reasonably possible, which will conform to the presumption of things rightly done in official action, especially in matters of the making and entry of official judgments. The board had jurisdiction of the subjectmatter and of the parties, and there are sufficient of facts recited to show that it had jurisdiction to act as it did act. What is attempted is to avoid its jurisdiction by the injection of adverse inferences, and this can no more be done by inference only, in respect to a court of limited jurisdiction, than can be in regard to a court of general jurisdiction."

Applying the foregoing principles, we know that Panola County is divided into two court districts, that the county site of the second district is in Batesville, that the law authorizes the board to elect to hold a regular meeting in Batesville on the second Monday in each month, and we are asked by appellant to apply an inference that it had no authority to hold such a meeting because the minutes here in question do not affirmatively show that the board had theretofore so elected. This we cannot do. If the board had not in fact so elected, the burden was upon appellant to so show and to thereby establish the invalidity of the meeting at Batesville on the second Monday. The appellant did not undertake to show that the board had not elected to hold regular meetings at Batesville on the second Monday in each month, and consequently wholly failed to meet the burden of proof which the law of this state places upon him.

We do not overlook the fact that certiorari is a statutory remedy designed for the purpose of bringing into review the acts of an inferior tribunal upon the record made by such tribunal on questions of law, Sections 1206, 1207, Mississippi Code of 1942, but this court has held that upon the hearing in the reviewing court evidence may be heard to make manifest the error of law committed by the inferior tribunal. In the case of Gulf & S. I. R. Co. v. Adams, 85 Miss. 772, 38 So. 348, 349, it was said, "It is the peculair province of the writ of certiorari to correct errors of law apparent upon admitted or established facts. 4 Ency. Pl. & Pr. 11. It has been held by this court that evidence may be heard in the circuit court in order to make manifest error of law committed by the inferior tribunal. Robinson v. Mhoon, 68 Miss. 712, 9 So. 887."

Under this authority the appellant had the right to show, if he could, that the board of supervisors of Panola County had never adopted an order for the holding of a regular meeting at Batesville in the second district on the second Monday of each month, and the burden

was upon appellant so to do. Having failed to meet that burden we find no merit in his second contention.

We may add, in conclusion, that the clerk of the board of supervisors, in making up the record pursuant to the writ of certiorari, included therein a certified copy of an order adopted by that board on May 4, 1914, pursuant to Chapter 236 of the Laws of 1914, declaring that thereafter the board would hold two regular meetings each month, the second being in the second district on the second Monday in each month, and also included therein a certified copy of an order adopted by the board on September 7, 1936, pursuant to Section 201 of the Mississippi Code of 1930, which is the same as Section 2876 of the 1942 Code, reiterating its intention to hold two regular meetings each month, the second being at Batesville, in the second district, on the second Monday, and directing the clerk to give notice of such intention as provided by said statute, and also included therein a certified copy of an order adopted by said board on October 5, 1936, adjudicating the fact to be that said notice had been duly given, and ordering that thereafter two regular meetings of the board would be held each month, the first being on the first Monday at Sardis in the first district, and the second being at Batesville on the second Monday in the second district. In the circuit court, the appellant moved the court to strike these orders from the record, which motion was sustained, and the orders were disregarded in the court below. In our decision of this case we have found it unnecessary to consider these orders or to review the action of the circuit court in striking them from the record, since the burden was upon appellant to show that there were no such orders or that they had been repealed or rescinded by subsequent action of the board of supervisors prior to the orders outlawing beer and wine in Panola County. The judgment of the lower court is therefore affirmed.

Affirmed.