497 So.2d 811 (1986)
Nolen MERRITT
v.
STATE of Mississippi.
No. 56572.
Supreme Court of Mississippi.
November 5, 1986.
*812 E. Fred Dobbins, Leakesville, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Deirdre McCrory, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before WALKER, C.J., and ROBERTSON and ANDERSON, JJ.
ROBERTSON, Justice, for the Court:

I.
This case presents questions concerning the existence, in the circuit courts of this state, of the authority to hear appeals from justice courts via the ancient writ of certiorari and, if so, whether and on what bases the order of the Circuit Court here declining exercise of that authority may be disturbed in this Court upon further appeal. For the reasons explained below, we hold that the certiorari procedure was and is available in cases such as this, but that the Circuit Court's order denying the application for certiorari is on this record beyond our authority to disturb.
This case arises in the context of the apparent conviction of Nolen Merritt in the Justice Court of Greene County, Mississippi, of the misdemeanor offenses of (a) hunting deer at night with the aid of a light and gun, (b) failure to yield to a blue light and (c) resisting arrest. We say "apparent" for the record before us contains no judgment of conviction which, of course, would remove any doubt of the offenses of which Merritt had been found guilty. It appears from the record and the briefs, again apparently, that upon these convictions Nolen Merritt was sentenced to five days imprisonment in the county jail and to pay a fine in the amount of $1,366.00. The judgment imposing this sentence is likewise not a part of the record before us.
The parties seem to agree that Merritt's conviction in the Justice Court was entered on October 29, 1983. There further appears no dispute about the fact that no appeal was perfected from that judgment of conviction. The record does reflect, however, that on March 12, 1984  some four and a half months following the apparent date of conviction  Nolen Merritt filed in the Circuit Court of Greene County, Mississippi, his petition for a writ of certiorari. In that petition he asked the Circuit Court to review the prior proceedings in his case in the manner provided by law. See Miss. Code Ann. § 11-51-93 (1972).
*813 On December 19, 1984, the Circuit Court held that the petition was "not sufficient and not well taken and no good grounds were shown that a new trial should be granted" and, accordingly, denied the petition for a writ of certiorari. Merritt has appealed to this Court, urging that the aforesaid order of the Circuit Court was erroneously entered and should be reversed.

II.
We are called upon at the outset to consider whether the writ of certiorari is still available to afford review in the circuit court to one convicted of a misdemeanor in justice court. That this procedural vehicle was available in the past has been recognized in numerous cases. See, e.g., Fassman v. Town of Centreville, 184 Miss. 520, 526, 186 So. 641, 642 (1939); Ex parte Grubbs, 80 Miss. 288, 290, 31 So. 741, 742 (1902). It remains a part of our statute law, codified as Miss. Code Ann. § 11-51-93 (1972). See Keady, Appeals To Circuit Court, 21st Ann.Miss.Law Institute 232-34 (1966).
The Attorney General argues, however, that from and after August 15, 1979, the sole procedure for obtaining review of a criminal conviction entered by a justice court is that provided in Rule 7.03, Miss. Unif.Crim.R.Cir.Ct.P. That rule provides that an appeal may be perfected "by filing written notice of appeal within forty days of such judgment... ." Because no appeal was so perfected within forty days of October 29, 1983, the Attorney General argues that the judgment below must be affirmed  the petition for a writ of certiorari having been filed some 134 days after October 29, 1983.
Assuming, arguendo, that we have the authority to replace the certiorari procedure with a single method of appellate review, see, e.g., Moran v. Necaise, 437 So.2d 1222, 1225 (Miss. 1983), we have not yet done so. We find nothing in Rule 7.03 or in any other part of the Uniform Criminal Rules of Circuit Court Practice which may be construed to have abolished or supplanted the certiorari procedure as we have heretofore known it. The certiorari procedure exists in criminal cases today as in the past.
There may well be good reason for retaining the certiorari procedure as a backup to the ordinary appeal and trial de novo authorized in the event of convictions in the justice court. Oftentimes persons tried in justice court are without counsel and, as here, such persons may not formally perfect an appeal in time. There will on occasion no doubt be cases where no formal appeal has been timely perfected but where injustice may be avoided by allowing a circuit court authority to review errors of law on the face of the record of a justice court proceeding. The six month time period allowed for filing a writ of certiorari does not unduly hamper or undermine the public's interest in finality of criminal adjudications.

III.
Having held that the authority to review justice court criminal convictions via writ of certiorari remains in the circuit court, we turn to the question of whether we may disturb the present Circuit Court declination to exercise that authority. The critical point here is that certiorari imports discretionary review, not review as a matter of right.
For emphasis, one convicted of a criminal offense in justice court may obtain review in the circuit court  and trial de novo  as a matter of right, so long only as he gives notice of appeal within 40 days of the judgment of conviction. Rule 7.03(1), Miss. Unif.Crim.R.Cir.Ct.Prac. By way of contrast the application for a writ of certiorari under Section 11-51-93 is addressed to the sound discretion of the circuit court. Board of Supervisors of Forrest County v. Melton, 123 Miss. 615, 623, 86 So. 369, 372 (1920); Loomis v. Commercial Bank, 5 Miss. (4 How.) 660, 679 (1840). This premise is derived from the statutory requirement *814 that the applicant for writ of certiorari must show "good cause" why his petition should be granted.
We have dicta in at least one case, Board of Supervisors of Forrest County v. Melton, supra, suggesting that
the sufficiency of the allegations of the petition .. . [are] for his [the circuit court's] determination alone.
123 Miss. at 623, 86 So. at 372.
No case, however, expressly so holds, and we have no occasion to so hold this day. There is nothing in the record before us today which would support a conclusion that the Circuit Court committed any substantial abuse of discretion in denying the application for certiorari. Assuming, arguendo, that the Circuit Court's authority to deny an application for certiorari is not beyond our review, we turn to the allegations of the petition.
First, Merritt stated in his petition that he originally had been charged with three offenses: (a) hunting deer at night with the aid of a light and gun, (b) failure to yield to a blue light and (c) resisting arrest. He then says that the charges against him were amended so that the deer headlighting charge was the only one retained, but that in spite of the amendment he was convicted of all three charges. Merritt's problem here is that he simply did not present a sufficient record from which we might rationally conclude that the Circuit Court abused its discretion in denying the Petition for Writ of Certiorari. Specifically, the judgment of conviction is not before us, nor was it before the Circuit Court, as a result of which we do not know what Merritt was convicted of. Moreover, the amendment to the affidavit under which Merritt was charged  at least in the form in which it appears in the record before us  is by no means clear that its effect was to delete the "blue light" and "resisting arrest" charges rather than merely amend the first charge, that involving deer head-lighting, leaving the others undisturbed.
Contrary to Merritt's assertion, he appears to have been charged with and convicted of acts which are violations of our criminal code. Disorderly conduct demonstrated by failure to obey the commands or requests of a law enforcement officer is a punishable offense in Mississippi. Miss. Code Ann. § 97-35-7 (1972). Hunting deer at night with the aid of any lighting device is also a punishable offense. Miss. Code Ann. § 49-7-95 (1972); Pharr v. State, 465 So.2d 294, 299-303 (Miss. 1984).
The petition for certiorari charges that the bench warrant pursuant to which Merritt was arrested on December 19, 1983, is unlawful because it is predicated upon charges of which Merritt was improperly convicted. In the first place, the matter of the bench warrant would not ordinarily be an appealable issue in any event. The appeal of the underlying conviction, if successful, would obviously vitiate the force of any bench warrant. For present purposes, we may recite again that the judgment of conviction is not a part of the record and, therefore, we cannot say that the Circuit Court abused its discretion in declining to review any question regarding the legality of the bench warrant which necessarily was predicated upon the judgment of conviction.
Merritt further argues in his petition for writ of certiorari that he was not properly advised of the charges against him because the charging affidavit did not contain a reference to the specific statutes with which Merritt was charged with violation of. We have held in the context of felony prosecutions that the code section need not necessarily be included in the indictment. See Weaver v. State, 497 So.2d 1089 (Miss. 1986). We cannot say that the Circuit Court abused its discretion when it declined to hear this issue.
The certiorari petition further charges that the jury was not properly drawn from the registered voters of Greene County, that the fines imposed were in excess of *815 statutory authority, but Merritt includes nothing in the petition or in the record presented to us which gives us a clue how these matters might be so. Without such demonstration, which it was Merritt's burden to present to this Court, we certainly cannot say that the Circuit Court abused its discretion.
We likewise see no basis for affording Merritt any relief with respect to his charge that his case was heard in Justice Court by Judge Buford Clarke, the brother of one of the prosecuting law enforcement officers, Carl Clarke. Insofar as the record reflects, all orders in the Justice Court were signed by Judge Felton Brown. There is nothing in the record, short of Merritt's allegation, that Judge Buford Clarke took any part in the proceedings.
Finally, the charge the verdict was against the weight of the evidence is one we certainly could not evaluate without having a record before us. Moreover, we doubt that this presents the sort of pure question of law reviewable on certiorari via the procedure authorized in Miss. Code Ann. § 11-51-93 (1972).
We affirm the Order of the Circuit Court exercising that Court's discretion to deny review of Nolen Merritt's case via writ of certiorari. In so doing, we emphasize that we do not say or hold that the petition described above was so inadequate that the Circuit Court had no authority to grant the writ. To the contrary, the petition was in proper form, sufficient so that it invoked the Circuit Court's discretion. What we do say is that our review of the matter is quite limited. Assuming, arguendo, that we do not follow the dicta from the Melton case cited above, we nevertheless may not reverse the Circuit Court unless we might find a clear abuse of discretion by that court. Where, as here, we have a record which is substantially deficient with respect to documents and facts, we find no basis for a rational conclusion that the Circuit Court abused its discretion.
AFFIRMED.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., DAN M. LEE, PRATHER, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.