960 So.2d 525 (2006)
Richard LOTT, Appellant
v.
CITY OF BAY SPRINGS, Mississippi, Appellee.
No. 2004-KM-02487-COA.
Court of Appeals of Mississippi.
November 14, 2006.
Rehearing Denied April 3, 2007.
*526 Thomas Quitman Brame, attorney for appellant.
R.K. Houston, Jr., attorney for appellee.
Before KING, C.J., CHANDLER, and ROBERTS, JJ.
ROBERTS, J., for the Court.
¶ 1. Richard Lott was arrested at a road block on July 17, 2004, after refusing to give a breath test. After failing to attend his August 2, 2004, municipal court date, Lott was convicted in absentia, but claimed his court date was changed to September 6, 2004. As his time for direct appeal had passed, Lott filed his petition for writ of certiorari with the Circuit Court of Jasper County, which was subsequently denied. Lott now appeals. Finding no error, we affirm.

FACTS AND PROCEDURAL HISTORY
¶ 2. On the night of July 17, 2004, Lott was stopped at a road block on Summerland Road, Bay Springs, Mississippi. Ronald Fall, one of the officers at the road block, noticed the smell of intoxicating beverages present and that Lott's eyes were dilated. Fall asked Lott to take an Intoxilyzer test, to which Lott refused. Lott was subsequently ticketed, which showed an August 2, 2004 court date, and arrested. Following his arrest, Lott was bonded out of the Bay Springs jail. Lott claims he was informed that his court date was moved to September 6, 2004, as evinced by a handwritten note at the bottom of his ticket stating, "Court Sept. 6th 9 am." As it turned out, Lott's court date had not been changed, and on August 2, 2004, the case of Lott v. City of Bay Springs was heard in the Municipal Court of the City of Bay Springs. Having before it the ticket given to Lott and a document indicating that no breath test had been given because Lott refused, the court convicted Lott in absentia for driving under the influence. When Lott appeared in court on September 6, 2004, to challenge the charge against him, he discovered the August conviction. As the time for appeal allowed by Rule 12.02(a) of the Uniform Rules of Circuit and County Court had expired by the time Lott learned of his conviction, a direct appeal was not available. Having no other options, Lott filed his petition for writ of certiorari, pursuant to Mississippi Code Annotated Section 11-51-93, with the Circuit Court of Jasper County, which was denied. Aggrieved by this, Lott now appeals raising the following issues:
I. Whether the Bay Springs Municipal Court erred in its conviction of the Appellant in absentia.
II. Whether the Circuit Court erred in denying the Appellant's Petition for Writ of Certiorari.

STANDARD OF REVIEW
¶ 3. Certiorari imports discretionary review, not review as a matter of right. Merritt v. State, 497 So.2d 811, 813 (Miss. 1986). Therefore, the standard of review we must employ is an abuse of discretion standard. Id.

DISCUSSION
I. DID THE LOWER COURT ERR IN CONVICTING LOTT IN ABSENTIA?
¶ 4. Lott argues that as a result of his court date supposedly being changed, *527 the Municipal Court of the City of Bay Springs erred in convicting him in absentia. As a result, Lott continues, he was denied his constitutional right to a fair trial. At the discretion of the court, a conviction in absentia is allowed where the accused does not appear to defend himself. Miss.Code Ann. § 99-17-9 (Supp.2005). Lott's uniform traffic ticket clearly stated that his case would be heard in the Municipal Court of the City of Bay Springs on August 2, 2004, at 9:00 a.m. On that date the court did in fact hear his case. The evidence before the municipal court included the original traffic ticket citing Lott, with no mention of a proposed change in the court date, a document indicating Lott refused to take a breath test, and a copy of Lott's appearance bond. Lott had every opportunity to defend himself against the charge before him on August 2, and the documents before the court gave no indication that his day in court was postponed. Accordingly, the court had full authority to convict Lott despite his absence and it provided Lott with all constitutional guarantees and protections afforded to him. The fact that he did not take advantage of those guarantees and protections, and the resulting conviction, is Lott's burden to bear.
¶ 5. Specifically, Lott was faced with a uniform traffic ticket which clearly listed his court date as August 2, 2004, and a handwritten alternative date explained by his family to be his new court date. Additionally, Lott stated in his petition for writ of certiorari "that he never received any other written notice of his court date, and was not aware of the exact court date under these circumstances, but relied on same as being set September 6, 2004." Given Lott's own confusion over the court date, which he now adamantly proclaims led to a violation of his constitutional rights, it would have been prudent to confirm the alleged August court date, which, as is painfully clear now, was not changed. Lott's voluntary absence, be it as a result of a conscience decision not to attend or confusion over the correct court date brought about by statements from his family, cannot be cured by this Court.
II. DID THE CIRCUIT COURT ERR IN DENYING LOTT'S PETITION FOR WRIT OF CERTIORARI?
¶ 6. Lott's argument that the circuit court erred in not granting his petition for writ of certiorari is similarly without merit. Mississippi Code Annotated Section 11-51-93 states, in pertinent part,
All cases decided by a justice of the peace, whether exercising general or special jurisdiction, may, within six months thereafter, on good cause shown by petition, supported by affidavit, be removed to the circuit court of the county, by writ of certiorari, which shall operate as a supersedeas, the party, in all cases, giving bond, with security, to be approved by the judge or clerk of the circuit court, as in cases of appeal from justices of the peace; and in any cause so removed by certiorari, the court shall be confined to the examination of questions of law arising or appearing on the face of the record and proceedings.
As the statute explicitly states, only a pure question of law is reviewable on certiorari. Merritt, 497 So.2d at 815. Despite the fact that Lott was convicted in municipal court rather than in a justice court, this language still applies to Lott's petition for writ of certiorari through Mississippi Code Annotated § 11-51-95 which provides for "[l]ike proceedings as provided in Section 11-51-93 . . . to review the judgments of all tribunals inferior to the circuit court[.]"
¶ 7. Lott's petition claimed that his conviction in absentia was "erroneously *528 awarded and entered because [Lott] communicated, through [his mother, niece, and aunt], with the Chief of Police of the City of Bay Springs, Jimmy Herrington, and all understood that the case would be put off until September 6, 2004." Specifically, Lott claimed Herrington, or some other officer, wrote "Court Sept. 6, 9 am" on the bottom of his citation. Finally, Lott was admittedly confused over the court date himself.
¶ 8. It is clear the issue Lott wished to bring before the circuit court through his writ was whether a police officer changed his court date, as evidenced by the writing on the bottom of his ticket. While Lott did attach to his writ a copy of his temporary driver's license issued by the arresting officer with the phrase in question written on the bottom, this was not part of the record or proceedings from the court below. This alone would generally preclude the circuit court form considering the citation presented as it was not a part of the record or proceeding of the municipal court.
¶ 9. Lott cites Caruthers v. Panola County, 205 Miss. 403, 38 So.2d 902 (1949), for the proposition that the circuit court can, under limited circumstances, hear testimony that would reveal a error of law. Specifically, the Caruthers court stated,
We do not overlook the fact that certiorari is a statutory remedy designed for the purpose of bringing into review the acts of an inferior tribunal upon the record made by such tribunal on questions of law, Sections 1206, 1207, Mississippi Code of 1942, but this court has held that upon the hearing in the reviewing court evidence may be heard to make manifest the error of law committed by the inferior tribunal. In the case of Gulf & S.I.R. Co. v. Adams, 85 Miss. 772, 38 So. 348, 349, it was said, "It is the peculiar province of the writ of certiorari to correct errors of law apparent upon admitted or established facts. 4 Ency. Pl. & Pr. 11. It has been held by this court that evidence may be heard in the circuit court in order to make manifest error of law committed by the inferior tribunal. Robinson [Robertson] v. Mhoon, 68 Miss. 712, 9 So. 887."
Caruthers, 205 Miss. at 418, 38 So.2d at 906. Lott's reliance on Caruthers is somewhat misplaced. The supreme court later clarified the scope of the exception above in Mayor & Board of Aldermen v. White. 230 Miss. 698, 704-05, 93 So.2d 852, 854-55 (1957). In White, the supreme court explained by quoting a pre-Caruthers case that,
It is also the general rule that, under a writ of certiorari, the evidence on which the inferior court based its determination forms no part of the record, and should not be returned, unless required by statute or shall become essential by some extraordinary circumstances; as for instance, where the inferior tribunal acts beyond or in disregard of its lawful jurisdiction.
Id. (quoting Federal Credit Co. v. Zepernick Grocery Co., 153 Miss. 489, 491-92, 120 So. 173, 173-74 (1929)). Federal Credit Co., the case on which the White court relied, involved a petition for writ of certiorari in the circuit court. Federal Credit Co., 153 Miss. at 490, 120 So. 173. The official transcript of the lower court was attached to the record filed with the petition, and a motion to strike the transcript was made on the hearing in certiorari. Id. In sustaining the motion to strike the transcript, the supreme court, applying the rule quoted above, held,
[U]nder a writ of certiorari from the circuit court to the county court, the return shall not as a general rule include a transcript of the evidence. We do not say that extraordinary circumstances, *529 instances of which are shown in the books, will not justify a cautious exception; but such is not the case here. The motion to strike the stenographer's transcript will be sustained.
Id. at 493, 120 So. 173. Federal Credit Co. would seem to stand for the proposition that the transcript of the lower tribunal's proceedings should not generally be available for the reviewing court during a hearing on certiorari, with possible exceptions justified by extraordinary circumstances. Caruthers and White would expand on this exception by allowing, not only a transcript of the lower court's proceedings under extraordinary circumstances, but also additional testimonial evidence to make manifest an error of law committed by the lower tribunal in acting outside its jurisdictional mandate. This was made clear in White when the supreme court stated "the [lower tribunal] here obviously had jurisdiction over the subject matter . . . Hence there was no occasion whatever to take testimony in the hearing on certiorari." White, 93 So.2d at 855. Therefore, during a hearing on certiorari, the only evidence that can be considered by the reviewing court, in addition to the "record and proceedings of the lower tribunal," is evidence pertaining to the lower tribunal's jurisdiction, or lack thereof, over the subject matter presented.
¶ 10. The authority granted to municipal courts is clear. "The municipal judge shall have the jurisdiction to hear and determine, without a jury and without a record of the testimony, all cases charging violations of the municipal ordinances and state misdemeanor laws made offenses against the municipality and to punish offenders therefor as may be prescribed by law." Miss.Code Ann. § 21-23-7(1) (Rev. 2001). Obviously, the municipal court had the authority to hear Lott's case. Lott does not dispute this, but argues that the circuit court should have allowed testimony pertaining to whether his trial date was changed. Given the limitations of the exception deduced above, this testimony would have been outside the scope of what a reviewing court may allow in a hearing on certiorari, and the circuit court in this case was correct in denying Lott the opportunity to present evidence. Therefore, given the record properly before the lower court, we find the circuit court did not abuse its discretion in dismissing Lott's petition. Accordingly, we affirm.
¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF JASPER COUNTY DENYING LOTT'S PETITION FOR WRIT OF CERTIORARI IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.