GRIFFIS, J„
for the Court:
¶ 1. Albert Lee Abraham Jr. appeals the denial of his petition for writ of certiorari. We find no error and affirm.
FACTS
¶ 2. Abraham was issued two traffic citations or tickets: (1) one for driving ninety-one miles per hour in a seventy mile-per-hour zone, and (2) another for following too closely. Abraham was scheduled to appear before the Justice Court of DeSoto County on January 26, 2009. Abraham failed to appear. On January 26, 2009, the justice court found Abraham guilty in ab-sentia for both traffic offenses.
¶ 3. On July 7, 2009, Abraham filed his petition for writ of certiorari in the Circuit Court of DeSoto County.[1] Abraham’s petition claimed that the only evidence presented to the justice court as to his guilt was the traffic citations or tickets. Abraham argued that even in his absence the *201 prosecution must prove its case beyond a reasonable doubt and that the mere introduction of a traffic citation or ticket was not sufficient to prove a defendant’s guilt beyond a reasonable doubt.
¶ 4. Abraham’s petition also contained a “supporting affidavit.” The supporting affidavit was simply an acknowledgment by a notary public “that the matters and facts stated [in the petition] are true and correct to the best of [Abraham’s] knowledge, information and belief.” Since Abraham was not at the justice court hearing, he had no personal knowledge of what occurred there. Instead, the only possible “fact” contained in the petition was Abraham’s statement that Craig Treadway, the DeSo-to County Prosecuting Attorney, admitted that he was the prosecutor in Abraham’s case and that Treadway admitted he had no recollection of putting on any proof for the past several years, other than the ticket, if the person ticketed did not show up for trial.
¶ 5. By order dated September 10, 2009, the circuit court denied Abraham’s petition for writ of certiorari. The circuit court held that “the petition is not sufficient and not well taken and no good grounds were shown that a new trial should be granted.” Further, the circuit court determined that “there is no record before this court from the justice court, and further, the affidavit of the petitioner is only based on ‘information’ and ‘belief as to broad statements made by the county prosecutor as to his memory about in absentia traffic tickets in general.” The circuit court denied the petition. It is from this judgment that Abraham now appeals.
STANDARD OF REVIEW
¶ 6. Certiorari imports discretionary review, not review as a matter of right. Merritt v. State, 497 So.2d 811, 813 (Miss.1986). We may not reverse the circuit court’s denial of certiorari unless we find a clear abuse of discretion. Id. at 815.
ANALYSIS

1. Whether the circuit court emd by not ordering the justice court to send the record.

¶ 7. Abraham’s first argument is that the circuit court abused its discretion “[b]ecause it was the duty of the justice court to send the record up and failing in that, it was the duty of the circuit court to order the justice court to send the record up.” The State responds that it is Abraham’s duty to ensure that a proper record is provided to the reviewing court.
¶ 8. Abraham cites Fassman v. Town of Centreville, 184 Miss. 520, 186 So. 641, 641-42 (1939) for the proposition that it was the duty of the justice of the peace to transmit a copy of the record to the circuit court. In Fassman, the appellant made a diligent effort to have the record sent to the circuit court. However, the record was never sent. Id. at 642. The supreme court ruled that the circuit court may order the justice court to send the record so that a party is not denied his rights based on the misconduct of officials. Id.
¶ 9. Here, there was no misconduct of any officials. In fact, the record here does not indicate any effort by Abraham to secure the justice court record or to inform the justice court clerk of any obligation or duty to forward the record.
¶ 10. Rule 5.04 of the Uniform Rules of Circuit and County Court requires that:
The party desiring to appeal a decision from a lower court must file a written notice of appeal with the circuit court clerk. A copy of that notice must be provided to ... the lower court ... whose order or judgment is being appealed. A certificate of service must accompany the written notice of appeal.
*202 Abraham’s petition for writ of certiorari contained a certificate of service that indicated that Abraham had mailed a copy of the petition only to Treadway, the prosecutor. There was no indication that a copy of the petition was served or otherwise provided to the clerk of the justice court. Thus, we cannot find that the justice court was responsible to provide the circuit court a copy of the record when there is no evidence before this Court that the justice court ever received notice of Abraham’s attempt to file an appeal of its judgment.
¶ 11. Next, Abraham appears to blame the circuit judge for the failure to secure the record. The petition for writ of certiorari did not ask the circuit court to order the justice court to send the record to the circuit court, and the circuit judge had no sua sponte duty to do that which was required of a party. Hence, we will not find the circuit court in error for its failure to do sua sponte that which Abraham, an knowledgeable and veteran trial attorney, failed to ask the court to do. Further, an issue may not be raised for the first time on appeal. Indeed, the “failure to raise the issue in the trial court bars it from being raised for the first time on appeal.” Zurich Am. Ins. Co. of Ill. v. Beasley Contracting Co., Inc., 779 So.2d 1132, 1134 (¶ 11) (Miss.Ct.App.2000) (quoting Riggs v. State, 744 So.2d 365, 372 (¶ 26) (Miss.Ct.App.1999)). Since Abraham did not raise this issue before the circuit court, it is procedurally barred from appellate review.

2. Whether the circuit court erred in ruling that Abraham’s affidavit was insufficient to support his petition for writ of certiorari.

¶ 12. Abraham claims that his “supporting affidavit” is sufficient to place evidence before the circuit court that Treadway said “that for the past several years he had no recollection of ever having put on any proof if the person ticketed did not show up for trial.” The circuit court ruled that Abraham’s affidavit, which was “based on ‘information’ and ‘belief as to broad statements made by the county prosecutor,” was insufficient to grant cer-tiorari. Abraham argues that this was not a valid reason to deny his petition.
¶ 13. Abraham argues that he could never have had first-hand knowledge of what proof was put on because he was tried in absentia. Indeed, had Abraham appeared and contested the traffic citations, he would have had first-hand knowledge of the evidence offered against him. Had Abraham appealed the justice court judgment, as provided under Mississippi Code Annotated section 99-35-1 (Rev. 2007), he would have had first-hand knowledge of the evidence offered against him. Further, since Abraham’s petition for writ of certiorari was filed in the circuit court, Abraham could have asked the circuit court to have an evidentiary hearing to allow Abraham to use the subpoena power of the court to compel the attendance of Treadway to provide his testimony. He made no effort to require the prosecutor’s appearance before the circuit court.
¶ 14. Next, Abraham argues that his evidence was uncontradicted. Abraham bases this on the fact that the prosecutor was served a copy of the petition. Thus, Abraham claims that because the prosecutor made no effort to contradict his petition, the circuit court was required to interpret his silence to mean Abraham’s affidavit was true. Abraham cites no authority for this argument. And we find none. Treadway had no duty to respond to Abraham’s petition. Treadway’s silence should not be interpreted to mean that Abraham’s assertion about what he said is true.
*203 ¶ 15. Abraham also argues that the statement by the prosecutor is relevant to show no proof was put on in Abraham’s case. Here, Abraham cites Rule 406 of the Mississippi Rules of Evidence, which states:
Evidence of the habit of a person or of the routine practice of an organization, whether corroborated or not and regardless of the presence of eyewitnesses, is relevant to prove that the conduct of the person or organization on a particular occasion is in conformity with the habit or routine practice.
The circuit court did not rule that the affidavit was not relevant or not admissible. The circuit court considered the affidavit and found the affidavit alone was insufficient to grant certiorari. The circuit court did not abuse its discretion by failing to grant the petition for writ of certiorari based on Abraham’s account of broad statements made by the county prosecutor as to the prosecutor’s memory about in absentia traffic tickets in general.
¶ 16. Accordingly, we find no merit to this issue.

3. Whether the circuit court erred in finding that the record was insufficient to support Abraham’s petition for writ of certiorari.

¶ 17. Abraham argues that his failure to put the justice court record before the circuit court was no reason to deny his petition for writ of certiorari. He claims that the circuit court misapplied the holding in Merritt in determining that he had not shown “good cause” as to why his petition for writ of certiorari should be granted.
¶ 18. Mississippi Code Annotated section 11-51-93 (Rev.2002) states, in pertinent part, that:
All cases decided by a justice of the peace, whether exercising general or special jurisdiction, may, within six months thereafter, on good cause shown by petition, supported by affidavit, be removed to the circuit court of the county, by writ of certiorari, which shall operate as a supersedeas, the party, in all cases, giving bond, with security, to be approved by the judge or clerk of the circuit court, as in cases of appeal from justices of the peace; and in any cause so removed by certiorari, the court shall be confined to the examination of questions of law arising or appearing on the face of the record and proceedings. ...
(Emphasis added).
¶ 19. The real issue here is whether a person may be convicted in absentia in justice court based solely on the evidence of the traffic citation or ticket. Abraham acknowledges that Mississippi Code Annotated section 99-17-9 (Rev. 2007) authorizes a trial in absentia when the defendant is notified of the trial and fails to appear. In the petition, Abraham cited several rules and cases that set the evidentiary standard for the court to accept a guilty plea. In this appeal, however, Abraham bases his argument that the justice court may not convict him with the ticket or citation as the only evidence on several opinions from the Mississippi Attorney General. Abraham does not cite a statute, rule, or case as authority to support this proposition. We recognize the non-binding, yet persuasive value of an attorney general’s opinion. Blackwell v. Miss. Bd. of Animal Health, 784 So.2d 996, 1000 (¶ 9) (Miss.Ct.App.2001). Nevertheless, Abraham had an obligation to comply with the statutory requirements and present a proper evidentiary basis for his claims.
¶ 20. The circuit court was correct to rely on Merritt. In Merritt, the appellant was convicted of three misdemeanor of *204 fenses in the Justice Court of Greene County. Memtt, 497 So.2d at 812. The appellant later filed his petition for writ of certiorari in the Circuit Court of Greene County, but it was denied. Id. He then appealed to the Mississippi Supreme Court. Nolen Merritt did not provide the judgment of conviction for review by the circuit court or the supreme court. Id. at 813. In Merritt, the Mississippi Supreme Court ruled that the circuit court correctly denied Merritt’s petition for writ of certio-rari because “he simply did not present a sufficient record from which we might rationally conclude that the [cjircuit [cjourt abused its discretion in denying the [pjetition for [wjrit of [cjertiorari.” Id. at 814.
¶ 21. Abraham tries to distinguish his case from Merritt. Abraham argues that his case is different since he does not claim that the justice court’s decision is against the weight of the evidence. Abraham argues that there was no evidence of his guilt placed before the justice court, whereas the petitioner in Merritt asked the circuit court to re-weigh the evidence in his case.
¶ 22. The circuit court cited Memtt because it established that the petitioner must present the circuit court with “good cause” why his petition should be granted. In Memtt, like this case, the petitioner did not show “good cause” because he did not provide the required justice court record for the circuit court to review. The Merritt court affirmed the denial of certiorari because there was no record before the circuit court to support the appellant’s claims, not because he was asking the court to re-weigh the evidence. Id. Here, the circuit court was correct to rely on Merritt to establish that Abraham has not shown “good cause” as to why his petition should have been granted.
¶ 28. We find that Abraham failed to present the record and sufficient evidence before the circuit court to entitle him to the relief requested or for this Court to find that the circuit court abused its discretion. Accordingly, we conclude this issue has no merit.
¶ 24. THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., BARNES, ISHEE, ROBERTS AND CARLTON, JJ„ CONCUR. IRVING AND MAXWELL, JJ„ NOT PARTICIPATING.

. We note that Abraham, a noted attorney and member of The Mississippi Bar, did not exercise his right to appeal de novo under Mississippi Code Annotated section 99-35-1 (Rev.2007). See Jones v. State, 972 So.2d 579, 580 (¶ 3) (Miss.2008) (de novo appeal allowed even though defendant pleads guilty in justice court). Instead, Abraham waited over five months to seek an appeal by way of a writ of certiorari to the circuit court under Mississippi Code Annotated section 11-51-93 (Rev. 2002).