RANDOLPH, Justice,
for the Court:
¶ 1. The Mississippi State Department of Health (“MDH”) entered a final order disapproving the certificate of need application of Dialysis Solutions, LLC. Pursuant to Mississippi Code Section 41-7-201, as amended, Dialysis Solutions filed a direct appeal of the MDH’s final order with this Court. See Miss.Code Ann. § 41-7-201 (Supp.2011). Thereafter, this Court entered an order on its own motion, seeking briefing from the parties and the Attorney General regarding whether Section 41-7-201, as amended, “is constitutional under Mississippi Constitution article 6, section 146 and whether this Court has appellate jurisdiction over this direct appeal from a decision of the [MDH].”[1] After due consideration, this Court concludes that Section 41-7-201, as amended, is unconstitutional under Article 6, Section 146 of the Mississippi Constitution. See Miss. Const, art. 6, § 146 (1984). This Court will not exercise appellate jurisdiction over Dialysis Solutions’ direct appeal from the final order of the MDH.
FACTS
¶ 2. On October 1, 2007, Dialysis Solutions filed a completed certificate of need application regarding its proposed capital expenditure of $179,000 to establish a six-station, end-stage renal dialysis facility[2] in Montgomery County, Mississippi. In November 2007, the MDH staff recommended disapproval of Dialysis Solutions’ application because “[t]his project is not in substantial compliance with criteria and standards for establishment of end stage renal disease facilities, as contained in the FY 2007 State Health Plan; the [MDH’s] Certificate of Need Review Manual ...; and all adopted rules, procedures, and plans of the [MDH].” On December 4, 2007, a “Request for Public Hearing During the Course of Review” was filed by RCG-Montgomery County, LLC (“RCG”), as an “affected person” who opposed the project.[3] RCG requested an independent *715 hearing officer to conduct the hearing.[4] At the October 26, 2010, hearing before Administrative Hearing Officer Cassandra B. Walter, four witnesses were subjected to direct- and cross-examination, and fourteen exhibits were introduced. On June 15, 2011, the hearing officer issued a twenty-four-page “Findings of Fact, Conclusions of Law and Recommendation.” This ruling considered all applicable criteria, then recommended denial of Dialysis Solutions’ application for failure “to substantially comply with the applicable Specific Criteria and General Goals in the State Health Plan, as well as with all applicable General Considerations in the CON Review Manual.” On June 30, 2011, Mississippi State Health Officer Mary Currier filed a “Decision of Intent” regarding Dialysis Solutions’ certificate of need application, which provided that “after considering the [MDH’s] plans, standards and criteria; staffs analysis; hearing officer’s recommendation, if any, and making written findings, that the proposed be Disapproved.An accompanying letter from Currier to Dialysis Solutions provided that “[t]his letter constitutes the Final Order disapproving the application for a CON.”
¶ 3. At the time of the June 30, 2011, final order, Section 41-7-201(2) provided, in pertinent part, that:
(2) ... any party appealing any final order of the [MDH] pertaining to a certificate of need for any health care facility as defined in Section 41-7-173(h), •with the exception of any home health agency as defined in Section 41-7-173(h)(ix):
[[Image here]]
(b) ... shall have the right of appeal to the Chancery Court of the First Judicial District of Hinds County, Mississippi, which appeal must be filed within twenty (20) days after the date of the final order. Provided, however, that any appeal of an order disapproving an application for such a certificate of need may be made to the chancery court of the county where the proposed construction, expansion or alteration was to be located or the new service or purpose of the capital expenditure was to be located. Such appeal must be filed in accordance with the twenty (20) days for filing as heretofore provided. [5]
[[Image here]]
*716 (g) Appeals in accordance with law may be had to the Supreme Court of the State of Mississippi from any final judgment of the chancery court.
Miss.Code Ann. § 41-7-201(2) (Rev. 2009) (emphasis added).
¶ 4. Effective July 1, 2011, Section 41-7-201 was amended to provide, in pertinent part, that:
any party appealing any final order of the [MDH] pertaining to a certificate of need for any health care facility as defined in Section 41-7-173(h) ... (b) ... shall have the right of direct appeal to the Mississippi Supreme Court, which appeal must be filed within twenty (20) days after the date of the final order.
Miss.Code Ann. § 41-7-201 (Supp.2011) (emphasis added).
¶ 5. On July 19, 2011, Dialysis Solutions filed notice of appeal and a “Petition to Appeal [MDH] Certificate of Need Decision” in this Court. According to Dialysis Solutions, it “exhausted its administrative remedies before the [MDH] and is entitled to appeal the decision of the [MDH] to this Court pursuant to [Section] 41-7-201.”
¶ 6. On July 25, 2011, Dialysis Solutions filed a “Motion to Approve Bond Amount” in this Court. See Miss.Code Ann. § 41-7-201(d) (Supp.2011) (“Any appeal of a final order by the [MDH] in a certificate of need proceeding shall require the giving of a bond by the appellant(s) sufficient to secure the appellee against the loss of costs, fees, expenses and attorney’s fees incurred in defense of the appeal, approved by the Supreme Court within five (5) days of the date of filing the appeal.”). On July 28, 2011, this Court entered an order on its own motion, seeking briefing from the parties and the Attorney General regarding whether Section 41-7-201, as amended, “is constitutional under Mississippi Constitution article 6, section 146 and whether this Court has appellate jurisdiction over this direct appeal from a decision of the [MDH].”[6]
ANALYSIS
¶ 7. “When a party invokes our power of judicial review [of the constitutionality of a statute], it behooves us to recall that the challenged act has been passed by legislators and approved by a governor sworn to uphold the self-same constitution as we are.” State v. Roderick, 704 So.2d 49, 52 (Miss.1997) (quoting In Interest of T.L.C., 566 So.2d 691, 696 (Miss.1990)). Accordingly, statutes “come before us clothed with a heavy presumption of constitutional validity.” Id. In determining whether the statute “violates the Constitution, ... courts are without the right to substitute their judgment for that of the Legislature as to the wisdom and policy of the act and must enforce it, unless it appears beyond all reasonable doubt to violate the Constitution.” State v. Bd. of Levee Comm’rs for Yazoo-Mississippi Delta, 932 So.2d 12, 19 (Miss.2006) (quoting Albritton v. City of Winona, 181 Miss. 75, 178 So. 799, 803 (1938)) (emphasis added). See also Natchez & S.R. Co. v. Crawford, 99 Miss. 697, 55 So. 596, 598 (1911) (“[i]f there is reasonable doubt of [a statute’s] constitutionality, it must be upheld by the courts. If it is susceptible of two interpretations, one in favor of constitutionality and the other against, it is the duty of the courts to uphold it.”) (citation omitted).
¶ 8. This Court has stated that:
*717 [i]n consonance with the spirit and intent of the [separation of powers] constitutional provisions [Miss. Const, art. 1, §§ 1-2], the courts of this state have uniformly held that the Legislature is unthout power to confer upon courts jurisdiction that is not given or authorized to be given them by the Constitution, and that the Legislature can impose no duties on the judiciary but such as are of a judicial character.
Fortune v. Lee County Bd. of Supervisors, 725 So.2d 747, 752 (Miss.1998) (citations omitted) (emphasis added). Prior to 1984, the Mississippi Constitution stated only that “[t]he Supreme Court shall have such jurisdiction as properly belongs to a court of appeals.” Miss. Const. art. 6, § 146 (1983). In 1984, that section was amended to provide:
[t]he Supreme Court shall have such jurisdiction as properly belongs to a court of appeals, and shall exercise no jurisdiction on matters other than those specifically provided by this Constitution or by general law. The legislature may by general law provide for the Supreme Court to have original and appellate jurisdiction as to any appeal directly from an administrative agency charged by law with the responsibility for approval or disapproval of rates sought to be charged the public by any public utility. The Supreme Court shall consider cases and proceedings for modification of public utility rates in an expeditious manner regardless of their position on the court docket.
Miss. Const, art. 6, § 146 (1984). Thus, under the Mississippi Constitution, the Legislature has “plenary power” over appellate jurisdiction. Drummond, 185 So. at 209.
¶ 9. The question then becomes whether a final order of the Mississippi State Health Officer constitutes a “judicial decision] rendered by a tribunal clothed with judicial power.” Illinois Cent. R. Co. v. Dodd, 105 Miss. 23, 61 So. 743, 743 (1913) (the “revisory,” appellate jurisdiction conferred upon this Court in Section 146 applies only to “judicial decisions rendered by a tribunal clothed with judicial power.”) (citations omitted). See also Glenn v. Herring, 415 So.2d 695, 697 (Miss.1982). If not, then Section 41-7-201, as amended, is unconstitutional because it impermissibly confers original jurisdiction upon this Court.
¶ 10. A “certificate of need” is: a written order of the [MDH] setting forth the affirmative finding that a proposal in prescribed application form, sufficiently satisfies the plans, standards and criteria prescribed for such service or other project by [the “Mississippi Health Care Certificate of Need Law of 1979”], and by rules and regulations promulgated thereunder by the [MDH].
Miss. Code Ann. § 41-7-173(b) (Rev. 2009). As such, a certificate of need is akin to a permit to provide health-care services, and its procurement is not necessarily adversarial. See Boyles v. Mississippi State Oil & Gas Bd., 794 So.2d 149, 158 (Miss.2001) (quoting McDonald v. Watt, 653 F.2d 1035, 1041-42 (5th Cir.1981)) (“The existence of a dispute concerning particular individuals is a distinguishing characteristic of adjudication.”). This distinguishes a final order of MDH regarding a certificate of need application from a ruling of the Mississippi Workers’ Compensation Commission (“Commission”), which necessarily involves an employer-employee dispute. Commission rulings are further distinguishable because that quasijudicial power was selected to “administefr]” the statutorily created mechanism under which personal-injury lawsuits “by injured workers against employers” were removed from the tort system, with “[e]mployers receiving] fixed *718 levels of potential liability which they can anticipate and treat as a general ‘cost of doing business’ ” in exchange for “[e]m-ployees receiving] guaranteed compensation for covered injuries, bypassing the civil-litigation risks of either no recovery or uncollectible judgments against insolvent employers.” Miss.Code Ann. § 71-3-1 (Rev. 2011); Franklin Corp. v. Tedford, 18 So.3d 215, 220-21 (Miss.2009) (quoting Note, Exceptions to the Exclusive Remedy Requirements of Workers’ Compensation Statutes, 96 Harv. L. Rev. 1641, 1641 (1983)). In short, personal-injury, workers’ compensation cases would have been heard in the courts under the common law, until the Legislature “validly delegated quasi-judicial power” to the Commission. Alaska Pub. Interest Research Group v. State, 167 P.3d 27, 39 (Alaska 2007). By contrast, no certificate of need procedure existed at common law, as it is a statutory creation.
¶ 11. We acknowledge that similarities exist between a final order of the MDH regarding a certificate of need application and a Commission ruling. For instance, both MDH and the Commission make the final factual determination in a particular case. See Miss.Code Ann. §§ 41-7-197(2) (Rev. 2009), 41-7-201(e) (Supp.2011) (“No new or additional evidence” is to be introduced before this Court); Miss.Code Ann. § 71-3-51 (Rev. 2011) (Commission appeals “shall be considered only upon the record as made before the commission.”); Short v. Wilson Meat House, LLC, 36 So.3d 1247, 1251 (Miss.2010) (citations omitted) (“No court can reweigh the evidence; the Commission is the fact-finder and the judge of the credibility of witnesses.”). In reviewing a certificate of need application:
the hearing officer and any person affected by the proposal being reviewed may conduct reasonable questioning of persons who make relevant factual allegations concerning the proposal. The hearing officer shall require that all persons be sworn before they may offer any testimony at the hearing, and the hearing officer is authorized to administer oaths. Any person so choosing may be represented by counsel at the hearing. A record of the hearing shall be made, which shall consist of a transcript of all testimony received, all documents and other material introduced by any interested person, the staff report and recommendation and such other material as the hearing officer considers relevant, including his own recommendation, which he shall make within a reasonable period of time after the hearing is closed and after he has had an opportunity to review, study and analyze the evidence presented during the hearing. The completed record shall be certified to the State Health Officer, who shall consider only the record in making his decision, and shall not consider any evidence or material which is not included therein. All final decisions regarding the issuance of a certificate of need shall be made by the State Health Officer. The State Health Officer shall make his written findings and issue his order after reviewing said record.
Miss.Code Ann. § 41-7-197(2) (Rev. 2009) (emphasis added). Furthermore, a final order of MDH regarding a certificate of need application and a Commission ruling are subject to similar standards of review. See Miss.Code Ann. § 41 — 7—201(f) (Supp. 2011); Short, 36 So.3d at 1250-51. Namely, under the amended version of Section 41-7-201:
[t]he order shall not be vacated or set aside, either in whole or in part, except for errors of law, unless the court finds that the order of the [MDH] is not supported by substantial evidence, is contrary to the manifest weight of the *719 evidence, is in excess of the statutory authority or jurisdiction of the [MDH], or violates any vested constitutional rights of any party involved in the appeal.[7]
Miss.Code Ann. § 41-7-201(f) (Supp.2011).
¶ 12. Based upon Section 41-7-197(2), this Court has little doubt that the “Final Order” of the State Health Officer involves “the application ... of the law to a state of facts proved, or admitted to be true, and a declaration of the consequences which follow.” Dodd, 61 So. at 743 (quoting Le Blanc v. R.R. Co., 73 Miss. 463, 19 So. 211, 212 (1896)). Thus, MDH does exercise some “quasi-judicial” function. Boyles, 794 So.2d at 157. See also McCaffrey’s Food Market, Inc. v. Mississippi Milk Comm’n, 227 So.2d 459, 463 (Miss. 1969) (“[t]he quasi-judicial inquiry declares and enforces liabilities on present or past facts on law already existing.”). Furthermore, based upon either the pre- or post-amendment versions of Section 41-7-201, this Court has no doubt that a final order of the MDH is subject to review. See Glenn, 415 So.2d at 697 (“appellate jurisdiction necessarily implies that the subject matter must have been acted upon by [a] tribunal whose judgments or proceedings are to be reviewed.”).
¶ 13. Yet:
[t]he fact that there has been a decision ... is not sufficient; ... there must have been a decision by a court clothed with judicial authority and acting in a judicial capacity. The tribunal from which an appeal lies need not be called a “court”; but it must be one having the attributes of a court — a tribunal where justice is judicially administered.
Dodd, 61 So. at 743 (quoting State Auditor v. Atchison, 6 Kan. 500 (1870)) (emphasis added). See also Le Blanc, 19 So. at 212 (to constitute a “judicial decision,” that “application” and “declaration” must be by “a court of competent jurisdiction ... ”). Certificate of need applications were not heard by courts at common law, then legislatively delegated to MDH. Rather, they were nonexistent at common law. Furthermore, the nature of a certificate of need proceeding is permit-like and often nonadversarial. See Boyles, 794 So.2d at 158 (quoting McDonald, 653 F.2d at 1041-42) (“The existence of a dispute concerning particular individuals is a distinguishing characteristic of adjudication”). In such proceedings, the hearing officer is not necessarily independent, but acts as a quasi-advocate for MDH, ensuring that the evidence presented satisfies MDH’s policies as prescribed by its “plans, standards and criteria_”[8] Miss.Code Ann. § 41-7-173(b) (Rev. 2009). Thereafter, the hearing officer does not issue an enforceable order, but only a recommendation to the agency head, the State Health Officer. Ultimately, the final order of MDH is issued by the State Health Officer, an individual not statutorily required to be an attorney. See Miss.Code Ann. § 41-3-5.1 (Rev. 2009). Because of these distinguishing factors, inter alia, this Court concludes that MDH lacks the indicia to be considered “a tribunal of the character from which the Legislature is authorized to grant appeals direct to this [C]ourt.” Dodd, 61 So. at 745. As such, the direct appeal of a final order of the MDH imper- *720 missibly confers original jurisdiction upon this Court.[9]
¶ 14. This conclusion of unconstitutionality is bolstered further by inconsistencies and deficiencies in the present statutory scheme. For example, Section 41-7-197(3) still provides that:
[i]f review by the [MDH] concerning the issuance of a certifícate of need is not complete within the time specified by rule or regulation, which shall not, to the extent practicable, exceed ninety (90) days, the certificate of need shall not be granted. The proponent of the proposal may, within thirty (30) days, after the expiration of the specified time for review, commence such legal action as is necessary, in the Chancery Court of the First Judicial District of Hinds County or in the chancery court of the county in which the new institutional health service is to be provided, to compel the State Health Officer to issue written findings and written order approving or disapproving the proposal in question.
Miss.Code Ann. § 41-7-197(3) (Rev. 2009) (emphasis added). The commencement of legal action in the chancery court to compel action by the State Health Officer seems inconsistent with the direct-appeal mechanism provided in Section 41-7-201, as amended. Furthermore, within the newly created direct-appeal mechanism, this Court is called upon to address ancillary issues regarding bond amounts and attorney fees for which it is unsuited. See Miss.Code Ann. § 41-7-201 (d) & (f) (Supp. 2011).
CONCLUSION
¶ 15. Based upon the above analysis, this Court concludes that, because the direct appeal of MDH’s final order to this Court impermissibly confers original jurisdiction upon this Court, then Section 41-7-201, as amended, “appears beyond all reasonable doubt to violate the Constitution.” Bd. of Levee-Comm’rs, 932 So.2d at 19 (quoting Albritton, 178 So. at 803). Accordingly, the direct appeal of MDH’s final order to this Court is impermissible and the appeal is dismissed. This disposition does not preclude a direct appeal of MDH’s final order to the appropriate chancery court.
¶ 16. APPEAL DISMISSED.
WALLER, C.J., DICKINSON, P.J., LAMAR, PIERCE AND KING, JJ., CONCUR. KITCHENS, J„ CONCURS IN PART AND IN RESULT WITH SEPARATE WRITTEN OPINION JOINED BY WALLER, C.J., CARLSON, P.J., AND CHANDLER, J.

.See Drummond v. State, 184 Miss. 738, 185 So. 207, 209 (1938) (quoting Mississippi State Highway Dep't v. Haines, 162 Miss. 216, 227, 139 So. 168, 171 (1932)) ("The Supreme Court in all cases is bound to inquire into its own jurisdiction, and decline to exercise a power not conferred upon it by law. And, if the question of jurisdiction is not raised by either of the parties to a cause, it is the duty of the Supreme Court to raise it of its own motion.").

. " ‘End stage renal disease (ERSD) facilities’ means kidney disease treatment centers, which includes freestanding hemodialysis units and limited care facilities.” Miss.Code Ann. § 41 — 7—173(h)(v) (Rev. 2009).

. Dialysis Solutions and RCG were adversarial patties in Dialysis Solution, LLC v. Missis *715 sippi State Dep’t of Health, 31 So.3d 1204 (Miss.2010). On appeal, Dialysis Solutions successfully argued that MDH was not statutorily authorized to grant an extension of RCG's certificate of need for a six-station "kidney-disease treatment facility” in Montgomery County after the date of expiration specified in the certificate of need. Id. at 1206-07. This Court concluded that "[i]f the [MDH] still wants to issue a CON for an ERSD facility in Montgomery County, it will have to reopen the CON application and review process as provided by statute and regulation.” Id. at 1216.

. MDH’s "Certificate of Need Review Manual” provides that "[t]he requested hearing shall be conducted by a hearing officer designated by the [MDH]. Any party may request an independent hearing officer. If such is requested, the [MDH] shall designate a hearing officer who shall not be an employee of the [MDH] but who shall be a licensed attorney.” See Mississippi State Department of Health-Certificate of Need Review Manual, http://msdh.ms.gov/msdhsite/static/resources/ 4369.pdf (last visited June 20, 2012) (emphasis added).

. The June 30, 2011, letter from Currier to Dialysis Solutions noted that, pursuant to Section 41-7-201(2), “any party aggrieved by this Final Order ... shall have the right of appeal to the Chancery Court of the First Judicial District of Hinds County, Mississippi.”

. Based thereon, this Court entered an order which provided that Dialysis Solutions’ "Motion to Approve Bond Amount” would be "passed for consideration by the en banc Court” because "the request for this Court to approve the bond amount is related to the jurisdictional questions which are being briefed....” Because of the disposition of this case, that motion is now dismissed as moot.

. Those same requirements were imposed upon the chancery court under the preamend-ed version of Section 41-7-201. See Miss. Code Ann. § 41-7-201(2)(f) (Rev. 2009).

. In that capacity, the hearing officer may even "conduct reasonable questioning of persons who make relevant factual allegations concerning the proposal.” Miss.Code Ann. § 41-7-197(2) (Rev. 2009).

. Additionally, MDH's argument that the streamlining provided by direct appeals to this Court is necessary to prevent certificate of need applications from becoming "lost in litigation for years” lacks merit. In reality, the preamended version of Section 41-7-201 provided, in pertinent part, that:
[t]he chancery court shall give preference to any such appeal from a final order by the [MDH] in a certificate of need proceeding, and shall render a final order regarding such appeal no later than one hundred twenty (120) days from the date of the final order by the [MDH], If the chancery court has not rendered a final order within this 120-day period, then the final order of the [MDH] ' shall be deemed to have been affirmed by the chancery court, and any party to the appeal shall have the right to appeal from the chanceiy court to the Supreme Court
Miss.Code Ann. § 41-7-20 l(2)(c) (Rev. 2009) (emphasis added). Thus, any purported delay created by the chancery court first addressing the matter would be no greater than four months.