CHANDLER, Justice,
for the Court:
¶ 1. This consolidated interlocutory appeal requires this Court to decide whether the chancery court has subject-matter jurisdiction over these appeals of recoupment decisions by the Division of Medicaid (DOM). Because there is no statutory scheme for appeal from these decisions and the hospitals lack a full, plain, com- *256 píete, and adequate remedy at law, we find that the chancery court has jurisdiction.
FACTS
¶ 2. Twelve Medicaid-participating hospitals filed appeals in chancery court challenging DOM’s recalculation of their Medicaid outpatient rates for fiscal year 2001.[1] According to DOM, it used the fiscal-year 2000 cost report to determine the per diem for fiscal year 2001. In 2010, DOM began attempting to recoup overpayments made to providers for fiscal year 2001. It sent each of the twelve hospitals a lump-sum settlement letter seeking recoupment of overpayments. Each provider used DOM’s administrative-appeal procedures to appeal the lump-sum settlement demand. In each appeal, a hearing occurred before a DOM hearing officer. The hospitals argued that DOM’s calculation of the outpatient rate violated the language of the State Plan and that, instead of recoupment, DOM actually owed a reimbursement to each hospital. The hospitals aver that the additional reimbursement they claimed amounted to a combined total of $2,164,292.58.
¶ 3. The hearing officer in each case entered an opinion rejecting the hospitals’ arguments and affirming the action of DOM. The Executive Director of DOM adopted the decisions of the hearing officers in each case. Each hospital then appealed to the Chancery Court of Hinds County, First Judicial District. In several of the appeals, DOM filed answers admitting to the jurisdiction of the chancery court. Subsequently, DOM filed motions to dismiss asserting that the chancery court lacked subject-matter jurisdiction over the appeals, and that the hospitals’ sole vehicle for appellate review was via a writ of certiorari to the circuit court pursuant to Mississippi Code Section 11-51-95 (Rev.2012). DOM argued that, because Section 11-51-95 provides that a petition for a writ of certiorari must be filed within six months of the decision and requires the posting of a bond, and the hospitals had not complied with these requirements, the cases had to be dismissed rather than transferred to circuit court. Alternatively, DOM requested that the cases be transferred to circuit court. The chancery court denied the motions to dismiss. This Court granted DOM’s petitions for interlocutory appeal. Several hospitals with appeals of DOM decisions pending in chancery court have filed amicus briefs with this Court in support of chancery-court jurisdiction.[2]
STANDARD OF REVIEW
¶ 4. “Jurisdiction is a question of law, which this Court reviews de novo.” Derr Plantation, Inc. v. Swarek, 14 So.3d 711, *257 715 (Miss.2009) (quoting Issaquena Warren Ctys. Land Co. v. Warren Cty., 996 So.2d 747, 749 (Miss.2008)).
ANALYSIS
¶ 5. The appeals at issue concern recoupment decisions of DOM. Mississippi Code Section 43 — 13—121(l)(j) states that DOM may “recover any and all payments incorrectly made by the division to a recipient or provider from the recipient or provider receiving the payments.” Miss.Code Ann. § 43-13-121(l)(j) (Rev.2009). At the time of the DOM decisions, no statute provided an appeal.[3] However, this Court and the Court of Appeals have reviewed DOM appeals from chancery court on numerous occasions without inquiring as to the subject matter jurisdiction of the chancery court. Miss. Methodist Hosp. and Rehab. Ctr., Inc. v. Miss. Div. of Medicaid, 21 So.3d 600 (Miss.2009); Div. of Medicaid v. Miss. Indep. Pharm. Ass’n, 20 So.3d 1236, 1242 (Miss.2009); Beverly Enters. v. Miss. Div. of Medicaid, 808 So.2d 939 (Miss.2002); Div. of Medicaid v. Johnson, 950 So.2d 1033 (Miss.Ct.App.2007). In accordance with this longstanding practice, the hospitals filed their appeals of the DOM decisions in chancery court.[4]
¶ 6. This Court has long held that “where there is no statutory scheme for appeal from a decision of a state board or agency and the injured party does not have a full, plain, complete and adequate remedy at law, the chancery court has jurisdiction for judicial review of the board or agency decision.” Elec. Data Sys. Corp. v. Miss. Div. of Medicaid, 853 So.2d 1192, 1211 (Miss.2003) (quoting Prisock v. Perkins, 735 So.2d 440, 443 (Miss.1999)). DOM argues that this rule does not apply to these cases because the hospitals had a full, plain, complete, and adequate remedy at law under Mississippi Code Section 11-51-95 (Rev.2012), which provides for cer-tiorari review in the circuit court.
¶ 7. Section 11-51-95 states, in pertinent part:
Like proceedings as provided in Section 11-51-93 may be had to review the judgments of all tribunals inferior to the circuit court, whether an appeal be provided by law from the judgment sought to be reviewed or not.
Miss.Code Ann. § 11-51-95 (Rev.2012). Section 11-51-95 references Section 11-51-93, which provides:
All cases decided by a justice of the peace, whether exercising general or special jurisdiction, may, within six *258 months thereafter, on good cause shown by petition, supported by affidavit, be removed to the circuit court of the county, by writ of certiorari, which shall operate as a supersedeas, the party, in all cases, giving bond, with security, to be approved by the judge or clerk of the circuit court, as in cases of appeal from justices of the peace; and in any cause so removed by certiorari, the court shall be confined to the examination of questions of law arising or appearing on the face of the record and proceedings. In case of an affirmance of the judgment of the justice, the same judgment shall be given as on appeals. In case of a reversal, the circuit court shall enter up such judgment as the justice ought to have entered, if the same be apparent, or may then try the cause anew on its merits, and may in proper cases enter judgment on the certiorari or appeal bond, and shall, when justice requires it, award restitution. The clerk of the circuit court, on the issuance of a certiorari, shall issue a summons for the party to be affected thereby; and, in case of nonresidents, he may make publication for them as in other cases.
11-51-93 (Rev.2012). D O O
¶ 8. Under these statutes, parties may secure review of judgments of “all tribunals inferior to the circuit court.” Miss.Code Ann. § 11-51-95 (Rev. 2012). A party may secure review of an inferior tribunal’s decision even if another statutory avenue for appeal exists. Id. To obtain certiorari review, the party must file a petition for certiorari, showing good cause, supported by an affidavit, within six months after the judgment under review. Miss.Code Ann. § 11-51-93 (Rev. 2012). Also, the party must post a bond with security. Id. The circuit court may grant or deny the petition for certiorari. Bd. of Supervisors of Forrest Cty. v. Melton, 123 Miss. 615, 86 So. 369, 371 (1920).
¶ 9. The Court has recognized that review of decisions of state agencies that acted as an inferior tribunal may be sought under Section 11-51-95. Smith v. Univ. of Miss., 797 So.2d 956, 960 (Miss.2001). Under Section 11-51-93, in any case in which certiorari is granted, the circuit court “shall be confined to the examination of questions of law arising or appearing on the face of the record and proceedings.” Miss.Code Ann. § 11-51-93 (Rev. 2012). We have held that, although this statutory language appears quite limiting, when the Court reviews an agency decision under Section 11-51-93, the Court employs its familiar agency standard of review of whether the agency’s decision was arbitrary and capricious or unsupported by substantial evidence. Gill v. Miss. Dep’t of Wildlife Conservation, 574 So.2d 586, 591 (Miss.1990).
¶ 10. DOM argues that appellate review was available to the hospitals under Section 11-51-95, because its administrative hearing procedures are sufficiently judicial in nature to render it a “tribunal inferior” under Section 11-51-95. It also argues that review of an administrative agency’s decision for the support of substantial evidence presents a question of law. DOM also argues that, because the hospitals did not comply with the requirements of Section 11-51-93 by filing a petition for a writ of certiorari within six months of the agency decisions and did not post a bond, the circuit court could not assume jurisdiction and the appeals must be dismissed rather than transferred to the circuit court.

A. DOM acted as an “inferior tribunal” to the circuit court.

¶ 11. An administrative agency acts as an tribunal inferior to the circuit court when it acts in a judicial or quasiju- *259 dicial manner. “[I]t is not every act of an inferior tribunal that can be removed to and re-examined by a circuit court on a writ of certiorari, but only such as are of a judicial or a quasi judicial nature.” Bd. of Supervisors of Forrest Cty. v. Melton, 123 Miss. 615, 86 So. 369, 371 (1920). “The quasi-judicial inquiry declares and enforces liabilities on present or past facts on law already existing.” McCaffrey’s Food Mkt., Inc. v. Miss. Milk Comm’n, 227 So.2d 459, 463 (Miss.1969). In contrast, an agency exercises a legislative function when it engages in future-oriented rule-making. Id.
¶ 12. Several cases lend aid in determining whether an agency appealed from is a tribunal inferior to the circuit court. In Gill v. Mississippi Department of Wildlife Conservation, 574 So.2d 586, 588 (Miss.1991), the Department fired Gill from his position as a conservation officer, the Mississippi Employee Appeals Board (EAB) held a full hearing and reinstated Gill, and the Department sought review of the EAB’s decision by seeking a writ of certiorari in circuit court. The circuit court reversed the EAB’s decision. Id. at 590. This Court reviewed the circuit court’s jurisdiction. Id. The Court found that no statute had allowed the Department to appeal the adverse EAB decision, but that Section 11-51-95 had allowed the circuit court to review the decision on cer-tiorari because the EAB was an inferior tribunal. Id. at 590-91. The Court reasoned that, because municipal civil service commissions were inferior tribunals within the statute, the EAB also should be considered an inferior tribunal. Id. at 591.
¶ 13. In Smith v. University of Mississippi, 797 So.2d 956, 957 (Miss.2001), a terminated university employee filed suit seeking reinstatement or, alternatively, money damages. After Smith’s termination, he exhausted the University’s appeals procedure by securing a decision of the University’s Personnel Action Review Board (PARB), which upheld his termination. Id. The PARB panel included three representatives of the university administration, and at the hearing, Smith was allowed to present evidence and question witnesses, but not through counsel, though counsel could be present. Id. After the hearing, the PARB denied Smith’s appeal, and he sued. Id. This Court found that the PARB was a quasijudicial tribunal, stating that “[tjhis Court has repeatedly recognized the availability of the writ of certiorari under § 11-51-95 for the review of decisions of inferior state administrative tribunals.” Id. at 960.
¶ 14. In Jackson State University v. Upsilon Epsilon Chapter of Omega Psi Phi Fraternity, Inc., 952 So.2d 184, 186 (Miss.2007), we held that a university’s appeals committee had acted as an inferior tribunal when it suspended a fraternity from participating in one semester’s activities after an incident involving two members. And in Jones v. Alcorn State University, 120 So.3d 448, 451 (Miss.Ct.App.2013), the Court of Appeals found that the University’s termination process was qua-sijudicial. The University had terminated Jones as head football coach. Id. at 451. Prior to termination, Jones had a due-process hearing before the Alcorn State University Grievance Committee at which he was allowed to present evidence and question witnesses personally, not through counsel, though counsel could be present. Id. The Committee recommended to the University’s president that Jones be terminated, and the president accepted the Committee’s recommendation. Id. Jones secured judicial review of the decision by timely filing a petition for a writ of certio-rari and posting a bond in circuit court. Id. The Court of Appeals noted in its decision affirming the termination that this Court held in Smith that universities have adopted administrative, quasi-judicial tri *260 bunals to hear employee appeals, and that decisions from these tribunals are reviewable by writ of certiorari. Id.
¶ 15. Finally, in Public Employees’ Retirement System v. Langham, 812 So.2d 969, 970 (Miss.2002), the widow of a highway patrolman lolled in the line of duty brought suit in chancery court against the Mississippi Highway Safety Patrol Retirement System and the Public Employees’ Retirement System after those agencies denied her request for increased retirement benefits. The Court held that no statutory scheme allowed an appeal from the Patrol’s decision. Id. at 972. The Patrol argued that it was an inferior tribunal whose judgment could be reviewed by writ of certiorari. Id. But this Court rejected that argument, holding that the Patrol had not acted as an inferior tribunal. Id. The Court stated:
In submitting a writ of certiorari under § 11-51-95, a record of the proceedings and decision of the inferior tribunal must be included for review by the circuit court. There was no record, judgment or decision in this case. The Patrol does not even require that the aggrieved be allowed to meet with its administrative board to create a record which can be reviewed. After meeting with the administrative board of the Patrol at least twice and meeting with and/or corresponding with other people connected to the board, no final administrative decision was communicated to Langham. Given the facts presented here, Langham gave the Patrol the opportunity to render a decision, but as such decision was never made, she properly chose to file suit in chancery court.

Id.

¶ 16. Dialysis Solutions, LLC v. Mississippi State Department of Health, 96 So.3d 713 (Miss.2012), also discussed the nature of quasijudicial proceedings. In Dialysis Solutions, this Court found that it lacked jurisdiction over a direct appeal from a final order of the Mississippi Department of Health (MDH) on a certificate-of-need application. Id. at 714. Our state constitution required the Court to determine whether the MDH’s order was a “judicial decisio[n] rendered by a tribunal clothed with judicial power.” Id. at 717. We had “little doubt that the ‘Final Order’ of the State Health Officer “was quasijudi-cial because it involved “the application ... of the law to a state of facts proved, or admitted to be true, and a declaration of the consequences which follow.” Id. at 719. But we concluded that the MDH decision was not from a tribunal with the attributes of a court. Id. We held that the decision was not the equivalent of a judicial decision because the hearing officer acted as a quasi-advocate for MDH and made a recommendation to the State Health Officer, who was not statutorily required to be an attorney. Id. The State Health Officer then made the final decision. Id. Under Dialysis Solutions, the fact that the final decision is made by the agency head does not destroy its quasijudi-cial nature.
¶ 17. We hold that DOM’s recoupment decisions were quasijudicial. DOM held a formal hearing in each recoupment case. The hospitals presented their cases with live witnesses and documentary evidence. The hearing officer had subpoena power and ruled on objections. Both DOM and the hospitals were represented by counsel and could cross-examine witnesses. The full records of the proceedings were available for review by an appellate court. See Langham, 812 So.2d at 972. Further, the decisions did not involve rule-making or fixing rates for the future, which would be considered legislative functions. McCaffrey, 227 So.2d at 463. Rath *261 er, the decisions involved determining the reimbursement rates for 2001, which required DOM to apply statutes, rules, and regulations to the facts. These decisions involved “the application ... of the law to a state of facts proved, or admitted to be true,-and a declaration of the consequences which follow” and were quasijudicial. Dialysis Solutions, 96 So.3d at 719.

B. The recoupment decisions presented questions of law.

 ¶18. Section 11-51-93 provides that, on certiorari', “the court shall be confined to the examination of questions of law arising or appearing on the face of the record and proceedings.” Miss.Code Ann. § 11-51-93 (Rev.2012). The parties agree that, on appellate review of DOM’s fact-findings in these cases, the court must determine whether DOM’s decisions were supported by substantial evidence or were arbitrary and capricious. Hall v. Bd. of Trs. of State Inst. of Higher Learning, 712 So.2d 312, 318 (Miss.1998). Substantial evidence is evidence that “afford[s] a substantial basis of fact from which the fact in issue can be reasonably inferred.” Elec. Data Sys. Corp., 853 So.2d at 1203 (quoting Stacy, 817 So.2d at 526-27). A decision that is arbitrary and ■ capricious is necessarily unsupported by substantial evidence. Id.
¶ 19. The hospitals argue that these cases are not cognizable under Section 11-51-93 because “the question of whether an agency decision is supported by substantial evidence is inherently factual,” and the court under Section 11-51-93 must confine itself to questions- of law. But in Gill, this Court held that the “questions of' law” language permits review of an administrative agency’s decision under the substantial evidence/arbitrary and capricious standard of review. Gill, 574 So.2d at 591. The Court explained that:
Th[e] -limitations, as stated in Section 11-51-93, are that the -Court shall be confined to the examination of “questions of law arising or appearing on the face of the record and proceedings.” At first blush this would seem to pretermit any review of the facts and even our normal inquiry whether there may be substantial evidence to support the decision of the Employee Appeals Board. On the other hand, should the record and proceedings below reflect a decision wholly unsupported by any credible evi: dence, we would regard that decision as contrary to law and, as a matter appearing on the face of the record or proceedings, subject to modification or reversal. We thus are in our familiar posture of judicial review of administrative processes wherein we may interfere only where the board or agency’s decision is arbitrary and capricious, accepting in principle the notion that a decision unsupported by any evidence is by definition arbitrary and capricious.
Id. This Court consistently has applied the principle that review of an administrative agency decision for the support of substantial evidence presents a question of law under Section 11-51-93. Jackson State Univ. v. Upsilon Epsilon Chapter of Omega Psi Phi Fraternity, Inc., 952 So.2d 184, 185 (Miss.2007); Smith v. Univ. of Miss., 797 So.2d 956, 957 (Miss.2001); Hall v. Bd. of Trs. of State Inst. of Higher Learning, 712 So.2d 312, 317-18 (Miss.1998); Chandler v. City of Jackson Civil Serv. Comm’n, 687 So.2d 142, 143-14 (Miss.1997); Young v. Miss. Tax Comm’n, 635 So.2d 869, 874 (Miss.1994); City of Meridian v. Johnson, 593 So.2d 35, 38 (Miss.1992); Miss. Dep’t of Wildlife Conservation v. Browning, 578 So.2d 667 (Miss.1991); Geiger v. Miss. State Bd. of Cosmetology, 246 Miss. 542, 548, 151 So.2d 189, 191 (1963). Because reviewing an agency’s *262 decision for the support of substantial evidence is an inquiry into the sufficiency of the evidence, which presents a question of law, Rogers v. State, 599 So.2d 930, 932 (Miss.1992), we find no compelling reason to depart from this sound precedent.

C. Relief was available by petition for writ of certiorari.

¶ 20. We find that, because DOM acted as a inferior tribunal to the circuit court and because these cases presented questions of law, the hospitals could have sought judicial review by petitioning for writs of certiorari. But certiorari is not an exclusive remedy; the stathte allows a party to petition for a writ of certiorari even if other remedies at law exist. Miss. Code Ann. § 11-51-95 (Rev. 2012). And under our common law, relief was available to the hospitals in chancery court if the certiorari procedure did not provide a full, plain, complete, and adequate remedy at law.

D. Section 11-51-93 does not provide a full, plain, complete, and adequate remedy at law because review is discretionary.

¶ 21. Our common law holds that chancery court jurisdiction exists to review an administrative agency decision “[wjhere there is no statutory scheme for appeal from a decision of a state board or agency and the injured party does not have a full, plain, complete and adequate remedy at law.” Elec. Data Sys., 853 So.2d at 1211 (quoting Prisock, 735 So.2d at 443); see also Perkins v. Miss. Dep’t. of Human Servs., 145 So.3d 670, 671 (Miss.2014); Public Employees’ Ret. Sys. v. Langham, 812 So.2d 969, 970 (Miss.2002); Charter Med. Corp. v. Miss. Health Planning and Dev. Agency, 362 So.2d 180, 181 (Miss.1978); Bd. of Veterinary Examiners v. Sistrunk, 218 Miss. 342, 346, 67 So.2d 378, 380 (1953). Under this rule, an alternative remedy at law must be a “full, plain, complete, and adequate” substitute for the absent statutory appeal right. Id. If it is not, the chancery court has jurisdiction. Id.
¶ 22. We turn to whether Section 11-51-95 affords a full, plain, complete, and adequate remedy at law. Section 11-51-93 states that certiorari shall be granted “on good cause shown by petition, supported by affidavit.” Miss.Code Ann. § 11-51-93 (Rev.2012). We have held that, under Section 11-51-93, “[t]he critical point ... is that certiorari imports discretionary review, not review as a matter of right.” Merritt, 497 So.2d at 813; see also Bd. of Supervisors of Forrest County v. Melton, 123 Miss. 615, 86 So. 369, 371 (1920) (stating that the circuit court must determine the sufficiency of the petition in deciding whether to grant or deny a writ of certiorari). In Merritt, the Court reviewed the circuit court’s denial of a defendant’s petition for a writ of certiorari to review his criminal conviction. Merritt, 497 So.2d at 812. We held that the statutory certiorari procedure is an alternative to an appeal, but is limited in nature. Id. at 813. The Court recognized “the statutory requirement that the applicant for writ of certiorari must show ‘good cause’ why his petition should be granted.” Id. at 813-14. Whether good cause to grant the petition has been shown is a matter committed to the sound discretion of the circuit court, with appellate review for abuse of discretion. Id.; see also Abraham v. State, 61 So.3d 199, 201, 203-04 (Miss.Ct.App.2010); Lott v. City of Bay Springs, 960 So.2d 525, 526 (Miss.Ct.App.2006).
¶ 23. To hold that Section 11-51-93 is the equivalent of a statutory right of appeal would be to ignore the plain language of the statute providing for discretionary review. DOM cites several cases to argue *263 that the writ of certiorari procedure is a full, plain, complete, and adequate remedy at law. It cites Gill, which, citing Merritt, held that the writ of certiorari under Section 11-51-93 is a mechanism for review of an agency’s decision if there is no statutory right of appeal. Gill, 574 So.2d at 591 (citing Merritt, 497 So.2d 811). But Gill does not avail DOM because it did not deem the writ of certiorari a full, plain, complete, and adequate legal remedy, and it did not discuss the fact that granting the writ is discretionary.
¶24. In Bertucci v. Mississippi Department of Corrections, 597 So.2d 643, 645 (Miss.1992), the Employee Appeals Board reinstated an employee, and the Mississippi Department of Corrections (MDOC) appealed. The MDOC attempted to perfect its appeal under the statutes allowing an appeal by an employee aggrieved by a decision of the EAB. Because no statute allows an employer to appeal a decision of the EAB, the circuit court treated the appeal as a petition for a writ of certiorari. Id. at 645-46. This Court found that the case could not be treated as a petition for a writ of certiorari because MDOC had failed to file a petition supported by an affidavit or to post a bond as required by Section 11-51-93. Id. at 647. While the Court’s decision recognized that Section 11-51-95 is available for review of an administrative agency’s decision, the Court did not state that Section 11-51-95 provides a full, plain, complete, and adequate remedy at law. Likewise, in Smith and Jackson State, this Court recognized that a party could petition for a writ of certiorari from the decision of an administrative tribunal, but did not hold that Section 11-51-93 provides a full, plain, complete, and adequate legal remedy. Smith, 797 So.2d at 962; Jackson State, 952 So.2d at 186.
¶ 25. According to the plain language of Section 11-51-93 and this Court’s holding in Merritt, certiorari review under Section 11-51-95 is discretionary with the circuit court. To secure certiorari review, one must petition the circuit court and make a showing of good cause. Miss.Code Ann. § 11-51-93 (Miss. 2012). Because the writ of certiorari is discretionary, appellate review is not guaranteed. Therefore, the availability of a petition for a writ of certiorari under Section 11-51-95 is not the equivalent of a statutory right of appeal. We hold that, because certiorari review is discretionary, it is not a full, plain, complete, and adequate remedy at law. Therefore, the chancery court has jurisdiction over these appeals.
CONCLUSION
¶ 26. Because a petition for a writ of certiorari is a form of discretionary review, it is not the equivalent of a statutory right of appeal and is not a full, plain, complete, and adequate remedy at law. Therefore, due to the absence of a statutory right of appeal, the chancery court has jurisdiction over these appeals. We affirm the chancery court’s denial of the motion to dismiss, and we remand this case to the chancery court for further proceedings consistent with this opinion.
¶ 27. AFFIRMED AND REMANDED.
WALLER, C.J., DICKINSON AND RANDOLPH, P.JJ., LAMAR, KITCHENS, PIERCE, KING AND COLEMAN, JJ„ CONCUR.

. The chancery court consolidated the appeals of eleven of the hospitals, including Crossgates River Oaks Hospital, Grenada Lake Medical Center, Riley Memorial Hospital, Natchez Community Hospital, Woman’s Hospital, Northwest Mississippi Regional Medical Center, Biloxi Regional Medical Center, River Oaks Hospital, Delta Regional Medical Center, St. Dominic-Jackson Memorial Hospital, and King’s Daughters Medical Center-Brookhaven. This Court consolidated the Crossgates appeal with the separate appeal of Alliance Health Center.

. Brentwood Health Management of Mississippi has filed a motion for leave to file an amicus brief in this case. DOM has filed a response in opposition. Brentwood has attached to its proposed amicus brief Exhibit B, which consists of filings in other litigation that were not made a part of the record before the chancery court in this case as required for inclusion in the appellate record under Mississippi Rule of Appellate Procedure 10(f). After due consideration, we find that the motion for leave should be granted and the amicus brief filed by Brentwood is accepted for filing, but that Exhibit B attached to Brentwood’s amicus brief is struck.

. In 2012, Section 43 — 13—121(l)(j) was amended to include the following language: "[t]he division shall be authorized to collect any overpayments to providers thirty (30) days after the conclusion of any administrative appeal unless the matter is appealed to a court of proper jurisdiction and bond is posted.” 2012 Miss. Laws 1328. In 2014, the Legislature again amended Section 43-13-121(l)(j) to state that "[a]ny appeal filed after July 1, 2014, shall be to the Chancery Court of Hinds County, Mississippi.” See Miss.Code Ann. § 43-13-121(l)(j) (Supp.2014).

. Crossgates, et al., filed a motion to supplement the record with DOM’s filings in other litigation in which DOM admitted to chancery court jurisdiction; DOM has filed a motion to strike the appellees’ brief due to its reliance on those filings. We deny Crossgates’s motion to supplement the record, because the filings in other litigation were not made a part of the record before the chancery court. See M.R.A.P. 10(f) ("nothing in this rule shall be construed as empowering the parties or any court to add to or subtract from the record except insofar as may be necessary to convey a fair, accurate, and complete account of what transpired in the trial court with respect to those issues that are the bases of appeal”). We also deny DOM’s motion to strike the appellees’ brief, because only a small portion of the brief discusses the extra-record information, and we do not address those arguments.